**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**TOMMY RUTLEDGE,**
**No. 08829-026,**

**Petitioner,**

**vs.**

**JAMES CROSS, JR.,**

**Respondent.**                                                     **CIVIL NO. 14-CV-00539-DRH**

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner Tommy Rutledge is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois.  Rutledge has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to overturn his conviction and sentence in *United States v. Rutledge*, Case No. 91-cr-40009-01. Rutledge's petition cites *Burrage v. United States*, __U.S.__, 134 S.Ct. 881 (Jan. 27, 2014), as a new, retroactive statutory interpretation decision that renders him actually innocent.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief and the petition must be dismissed.

**Procedural History**

Although the Court was unable to access Case No. 91-cr-40009-01 in the electronic case filing system (most likely because the case predated electronic filing), the petition and attached documentation, as well as district court orders and appellate decisions sufficiently lay out the procedural history of Rutledge's case.

In 1992, a jury convicted Rutledge and he was sentenced to: (1) life imprisonment for the operation of a continuing criminal enterprise ("CCE") (Count I); (2) life without possible release for conspiracy to distribute and to possess with intent to distribute (Count II); (3) life without possible release for the distribution of cocaine (Count III); (4) ten years for possession of a firearm by a previously convicted felon (Count IV); (5) five years for carrying a firearm during and in relation to a drug trafficking offense (Count V); (6) ten years for using and carrying a firearm during and in relation to a drug trafficking offense (Count VI). The conviction and sentence were affirmed on direct appeal. *United States v. Rutledge*, 40 F.3d 879 (7th Cir. 1994).

On October 1, 1998, Rutledge was resentenced to a life term on Count II, Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846; 360 months imprisonment on Count III, Distribution of Cocaine in violation of 21 U.S.C. § 841(a)(1); and 120 months imprisonment on Count IV, Felon in Possession of a firearm in violation of 18 U.S.C. § 922(g)—all terms of imprisonment to run concurrently. *See* Doc. 1-2, pp. 9-10.

Rutledge's 1997 motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence was relatively successful. Although the CCE charge (Count I) was vacated, the conspiracy to distribute charge carrying a life term (Count II) was reinstated. The life sentence on the distribution charge (Count III) was reduced to 30 years. The felon in possession of a firearm charge (Count IV) was unchanged. The court vacated the armed drug trafficker conviction (Count V), but allowed for that charge to be retried. Lastly, the armed drug trafficker charge (Count VI) was vacated. *United States v. Rutledge*, 22 F.Supp2d 871 (C.D. Ill. 1998). The decision was affirmed. *Rutledge v. United States*, 230 F.3d 1041 (7th Cir. 2000), *cert. denied*, 531 U.S. 1199 (2001). A second Section 2255 motion was denied as successive. *Rutledge v. United States*, Case No. 02-cv-4003-MMM (C.D. Ill. dismissed May 29, 2002), *aff'd*, Case No. 02-3121 (7th Cir. Feb. 12, 2003).

It is the 1998 sentence—Count III in particular— that is at issue in the present Section 2214 petition for writ of habeas corpus, which was filed May 12, 2014 (Doc. 1).

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Petitioner does not attack the duration of his confinement, *per se*. Therefore, Section 2241 does not readily appear to be the appropriate avenue for relief. However, the Seventh Circuit has recognized that it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).  In *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012), the Seventh Circuit reiterated, "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.' " *Id.* (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

Petitioner Rutledge cites a new case decided after his first (and second) Section 2255 petition was lodged:  *Burrage v. United States*, __U.S.__, 134 S.Ct. 881 (Jan. 27, 2014). [1]  He contends that under *Burrage*, he is actually innocent of Count III in particular, charging a violation of Section 841(a)(1)—and by extension Count II, which charges a conspiracy to violate Section 841(a)(1).   More specifically, he first argues that, although Count II charged conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of Section 846, Count III charging distribution of cocaine did not specify a drug

---

[1] Petitioner also cites *United States v. Nance*, 236 F.3d 820 (7th Cir. 2000), in support of his argument that a defendant must be charged with an offense and under Section 841(b), and the drug quantity must be proven.  *Nance* does nothing to advance petitioner's attempt to use the safety valve provision, so the Court's focus will remain on *Burrage*.

amount, and the jury was not directed to find an amount.  Second, petitioner contends that he was charged in Count III with violating 21 U.S.C. § 841(a)(1), but sentenced under Section 841(b)(1)(A), which, under *Barrage*, is a separate offense.   Petitioner explains that under *Barrage* Section 841(a)(1) is a lesser included offense of Section 841(b)(1)(A)—a separate and distinct crime, for which he was neither charged or convicted.  He seeks resentencing.[2]

*Burrage is* a statutory interpretation case in a line of cases tracing back to *Alleyne v. United States*, __U.S. __, 133 S.Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), holding that a factor which *increases the minimum or maximum possible sentence* must be submitted to a jury and found beyond a reasonable doubt.   *Burrage* clearly could not have been invoked in any of petitioner's Section 2255 motions.  Nevertheless, to date, the case has not been found to apply retroactively.  Furthermore, petitioner fails to demonstrate any "fundamental defect" in his sentence as a result of the new interpretation announced in *Burrage*.

The central issue in *Burrage* was whether a defendant may be sentenced under the *enhanced* penalty provision of Section 841(b)(1)(C) (a 20–year mandatory minimum sentence where death "results from" the use of the unlawfully distributed drug), if the use of the drug "contributes to, but is not a but-for cause of, the victim's death."  *Burrage*, 134 S.Ct. at 885.  The Court

---

[2] As already noted, petitioner's focus appears to be Count III, so the Court's principal focus will also be on Count III.   However, at one point petitioner intertwines Counts II and III (*see* Doc. 1-1, p. 13), and petitioner prays that his "sentences" be vacated (*see* Doc. 1-1, p. 9).   The Court's reasoning is equally applicable to Count II.

concluded that "but-for" causation is required in order for the enhanced penalty to apply. *Id*. at 892.   Rutledge's sentence was subject to enhancement under a different provision of the statute, Section 841(b)(1)(<u>A</u>).

In reaching its holding on the resulting-death sentence *enhancement* in *Burrage*, the Supreme Court noted that the crime at issue in that case has two elements: (1) knowing or intentional distribution of the controlled substance under Section 841(a)(1); and (2)  death resulting from the use of the drug under Section 841(b)(1)(C).  *Burrage*, 134 S. Ct. at 887.   As such, the Court reasoned that both elements must be found by a jury beyond a reasonable doubt, consistent with *Apprendi* and *Alleyne*.  *Id*. at 887.   It was noted that the first element, the violation of Section 841(a)(1), was a "lesser included offense" of the charge that the victim's death had resulted from the use of the drug distributed by Burrage. *Id*. at 887, n. 3.   There was no dispute that Burrage was guilty of that lesser included offense, thus the Court focused on whether the jury had been properly instructed on the question of whether the drug use had caused the death.

Petitioner asserts that that same logic should extend to Section 841(b)(1)(A), leading to his conclusion that he was charged under Section 841(a), but, in effect, convicted and sentenced under Section 841(b)(1)(A)  (*see* Doc. 1-1, p. 6).   Petitioner misreads *Barrage*.

In his attempt to apply the holding in *Barrage* to his own case, petitioner Rutledge completely ignores the stated rationale for the Court concluding that crime charged in *Barrage* had two elements.  Distribution offenses under Section

841(a) carry "penalties" in part (b), that vary according to the quantity of drugs and other factors involved in the "unlawful acts" described in part (a). *See* 21 U.S.C. §§ 841(a) and (b). The Supreme Court described that as the "default sentencing," which was not at issue in *Barrage* because death or serious bodily injury had resulted. 134 S. Ct. at 886-87. Death or serious bodily injury triggered an enhancement, increasing the maximum sentence, thereby creating an element that had to be presented to the jury under the dictates of *Apprendi* and *Alleyne*. *Id*. Rutledge falls within the default sentencing scheme on Counts II and III. In that scenario, Section 841 presents a single, unitary statute.

Section 841(b) states that for any violation of Section 841(a), with exceptions not relevant here, the sentence shall be as provided in one of the subsections of Section 841(b). As already noted, this is the default rule mentioned in *Barrage*. These subsections outline different sentences depending on the quantity of drugs involved, as well as enhancements for a person convicted of prior drug offense(s) or death. *Barrage* pertained to an enhancement; Counts II and III against Rutledge do not involve any enhancement(s). The applicable default sentencing range on Count II (based on the 5 kilograms charged) is not less than ten years nor more than life; Rutledge was sentenced to imprisonment for life. On Count III, the default sentencing range is not less than five years, nor more than 40 years; Rutledge was sentenced to 360 months imprisonment (30 years).

## Disposition

**IT IS HEREBY ORDERED** that, for the stated reasons, the petition for writ of habeas corpus (Doc. 1) is **DISMISSED** with prejudice. Judgment shall enter accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal in this district court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Signed this 5th day of June, 2014.**

Digitally signed
by David R.
Herndon
Date: 2014.06.05
14:48:58 -05'00'

**Chief Judge**
**United States District Court**